IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:18-CR-390 |
| | ) | |
| KENNETH LAMONT LUNSFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In January 2019, the defendant-inmate, Kenneth Lamont Lunsford, pled guilty to possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime. He has filed a motion to vacate both convictions pursuant to 28 U.S.C. § 2255, contending his conviction for possessing a firearm as a felon should be vacated based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that there is insufficient evidence to support his other conviction. His motion is denied as to his conviction for possessing a firearm in furtherance of a drug trafficking crime, and ruling is deferred as to his conviction for possession of a firearm by a convicted felon.

Mr. Lunsford has also filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), asking the Court to reduce his sentence based on COVID-19 and his health conditions. The § 3553(a) factors do not support release, and his motion will be denied.

I.   BACKGROUND

On October 29, 2018, a grand jury returned a four-count indictment against Mr. Lunsford. Doc. 1. Counts One and Four alleged possession of a firearm by a convicted

felon on different dates, each in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* Count Two alleged possession with intent to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). *Id.* And Count Three alleged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.*

On January 29, 2019, Mr. Lunsford pled guilty pursuant to a written plea agreement to Counts One and Three. Minute Entry 01/29/2019; Doc. 12. In return for the government's agreement to dismiss the remaining counts of the indictment, Mr. Lunsford agreed to significantly limit his right to appeal or challenge his conviction in any post-conviction proceeding. Doc. 12 at p. 8 ¶ 5(d). On June 10, 2019, he was sentenced to a total of 87 months in prison followed by three years of supervised release. Minute Entry 6/10/2019; Doc. 18. Mr. Lunsford did not appeal.

## II. FACTS

Mr. Lunsford is 34 years old. Doc. 17 at 3.[1] He has a long criminal history, beginning when he was convicted of misdemeanor injury to real property and communicating threats at age 16. *Id.* at ¶ 27. Other misdemeanor convictions followed, *id.* at ¶¶ 28–34, and then at age 19, he was convicted of his first felony for selling and delivering cocaine base. *Id.* at ¶ 35. While on probation for the cocaine offense, he pled guilty to more driving-related misdemeanors. *Id.* at ¶¶ 36–38. His felony probation was eventually revoked, and he served some 10 months in jail. *See id.* at ¶ 35. The next year, at age 23, he pled guilty in state court to two more felonies: assault with a deadly

---

[1] The Court adopted the presentence report, Doc. 17, without change. Doc. 19.

weapon inflicting serious injury and possession of a firearm by a felon. Doc. 17 at ¶ 39. He served approximately three years in prison, and within a year of his release, he pled guilty to felony possession of a firearm by a felon. *Id.* at ¶ 40. He was sentenced to 19 to 32 months in prison, suspended pending completion of two years of supervised probation. *Id.* His probation was terminated in September 2016. *Id.*

Some two years later, he committed the instant crimes. Specifically, in January 2018, officers with the Durham Police Department responded to gunshots and found Mr. Lunsford trying to crawl under a fence. *Id.* at ¶ 4. Officers placed Mr. Lunsford into custody, but quickly released him after he explained that he was running because an unidentified male shot in his direction and tried to kill him. *Id.* Shortly after his release, a canine officer located a handgun near the same fence. *Id.* And video footage from a nearby building showed that Mr. Lunsford pulled out a firearm and shot back at the unidentified person. *Id.* at ¶ 5.

Several months later, in August 2018, officers with the Durham Police Department responded to a call about men with guns in the parking lot of a motel. *Id.* at ¶ 6. When Mr. Lunsford and another man saw the officers, they walked behind the motel, jumped an eight-foot fence, and ran. *Id.* Once officers detained Mr. Lunsford, they searched his backpack and found three plastic bags with marihuana, a digital scale, and a box of 9mm ammunition. *Id.* Officers also recovered a 9mm handgun in the bed of a pickup truck parked along the route Mr. Lunsford followed as he fled. *Id.* During an interview, and after he was *Mirandized*, Mr. Lunsford admitted that all the seized items belonged to him and that he threw the handgun into the back of the truck while he was running. *Id.* at ¶ 7.

He also admitted that in January 2018, he shot back at the person shooting at him. *Id.* at ¶ 8.

Mr. Lunsford was eventually indicted for four crimes, pleading guilty to Count One, possession of a firearm by a felon, and Count Three, possession of a firearm in furtherance of a drug trafficking crime. At his Rule 11 hearing, the Court explained the elements of the offense to him as follows:

> The elements of Count One, are that you were convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and that thereafter, on or about January 11th, 2018, in Durham County, you knowingly possessed a firearm, specifically a 9MM handgun, and that the possession of that firearm was in or affecting interstate or foreign commerce.

Doc. 30 at 13–14. The Court did not tell Mr. Lunsford that the government had to prove beyond a reasonable doubt that Mr. Lunsford knew of his prohibited status or that Mr. Lunsford knew that he had been convicted of a crime punishable by imprisonment for more than one year.

Mr. Lunsford signed a written plea agreement, which stated:

> [I]n exchange for the government's agreement to dismiss the remaining counts of the Indictment herein, the defendant expressly waives the right. . . to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

Doc. 12 at p. 8 ¶ 5(d).

At the Rule 11 hearing, Mr. Lunsford testified under oath that he read and signed the plea agreement. Doc. 30 at 9. In summarizing the plea agreement, his attorney stated

4

the limits on appeal and post-conviction rights, and Mr. Lunsford agreed the summary was accurate. *Id.* at 12. Later in the proceeding, the Court reminded Mr. Lunsford that he was limiting both his appeal and post-conviction rights and would only be able to challenge his sentence or conviction for the four reasons outlined in paragraph 5(d) of his plea agreement. *Id.* at 21–22. Mr. Lunsford testified that he did not have any questions about the waiver. *Id.* at 22.

Shortly after Mr. Lunsford's sentencing hearing, the Supreme Court decided *Rehaif,* holding that in order to convict a defendant of possession of a firearm by a prohibited person, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Before *Rehaif*, knowledge of felony status was not an element of possession of a firearm by a felon in the Fourth Circuit. *See United States v. Langley*, 62 F.3d 602, 604–06 (4th Cir. 1995).

On September 19, 2019, Mr. Lunsford timely filed this § 2255 motion, contending that his conviction for possession of a firearm by a felon is invalid under *Rehaif* and that his attorney provided ineffective assistance by advising him to plead guilty to possession of a firearm in furtherance of a drug trafficking crime because the government's evidence was insufficient. Doc. 20 at 4, 10. Before the government responded to the § 2255 motion, this court granted the government's motion to hold the case in abeyance pending the resolution of *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Docs. 24, 25.

On March 25, 2020, the Fourth Circuit issued its opinion in *Gary*, which vacated the defendant's pre-*Rehaif* conviction for possession of a firearm by a prohibited person

5

on direct appeal because the district court did not inform the defendant when he pled guilty that it was an element of the offense that he knew he belonged to a class of persons barred from possessing firearms. *Gary*, 954 F.3d at 201–02, 205–08. The government moved to hold this case in abeyance pending issuance of the mandate in *Gary*. Doc. 26. Shortly after, the Court appointed counsel to represent Mr. Lunsford in connection with his § 2255 motion. Text Order 5/26/2020. Mr. Lunsford, through counsel, opposed the government's motion to hold the case in abeyance. Doc. 28. The Court granted the motion as to the *Rehaif*-retroactivity issue and set a briefing schedule to resolve whether the waiver in Mr. Lunsford's plea agreement bars the claims in his § 2255 motion and any other matters aside from the *Rehaif*-retroactivity issue. Doc. 29.

The Fourth Circuit denied the petition for a rehearing *en banc* in *Gary*. *See United States v. Gary*, 963 F.3d 420 (4th Cir. 2020), *petition for cert. filed*, No. 20-444 (Oct. 5, 2020). Counsel for Mr. Lunsford and the government promptly submitted briefs on the non-*Rehaif* issues, Docs. 33, 34, and Mr. Lunsford filed a reply brief. Doc. 37.

### III. The § 2255 Petition

#### A. Applicable Legal Principles

To prevail on a § 2255 motion to vacate, petitioners must show that "the judgment was rendered without jurisdiction," "the sentence imposed was not authorized by law or otherwise open to collateral attack," or "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018).

The scope of collateral attack under § 2255 is narrower than an appeal, and a "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, if a petitioner's collateral attack is based on an error that could have been but was not raised on direct appeal, he must show "cause" for the default and "actual prejudice" resulting from the alleged errors or demonstrate that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998).

It is also established that a criminal defendant may waive his right to attack his conviction on appeal or in post-conviction proceedings if the waiver is knowing and voluntary. *See United States v. Lemaster,* 403 F.3d 216, 220 (4th Cir. 2005). Outside of a few narrowly-construed errors, courts "will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020).

### B. The waiver was knowing and voluntary

Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances. *See United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (citing *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)). "Generally, if a district court questions a defendant regarding the waiver. . . during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Here, Mr. Lunsford concedes that the waiver was "likely voluntary," Doc. 33 at 4, and a review of the record makes it clear that it was. The written plea agreement contained a clear waiver of almost all his rights to challenge his conviction or sentence on

7

appeal or pursuant to § 2255, which the Court and his attorney reviewed several times at Mr. Lunsford's Rule 11 hearing. The Court finds that Mr. Lunsford knowingly and voluntarily waived his right to challenge his conviction or sentence in any post-conviction proceeding, except for the four specified reasons in his plea agreement.

Mr. Lunsford contends that waivers like the one he accepted are void as against public policy. *Id.* at 5. The Court appreciates defense counsel's good faith effort to seek a change in the law, but the argument is precluded by applicable appellate precedent.

### C. Count One: Possession of a Firearm by a Felon

Mr. Lunsford's claim that his conviction for possession of a firearm by a convicted felon should be vacated based on *Rehaif* does not fall within one of the four exceptions in his waiver. It is not based on ineffective assistance of counsel or prosecutorial misconduct, and it does not constitute a claim that his sentence was in excess of the statutory maximum or based on an unconstitutional factor, such as race, religion, national origin, or gender.

The class of errors that a defendant may raise despite a valid waiver is very narrow. *See United States v. Johnson*, 410 F.3d 137, 151–52 (4th Cir. 2005) (reviewing the types of errors that can survive a valid waiver). The Fourth Circuit has declined to enforce a valid waiver "only where the sentencing court violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing," *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014), or where a later change in law "strike[s] the statutory provision under which a defendant was sentenced as

8

unconstitutional, thus removing the district court's statutory authorization to sentence altogether." *United States v. Cornette*, 932 F.3d 204, 210 (4th Cir. 2019).

The Supreme Court did not strike down 18 U.S.C. § 922(g) as unconstitutional in *Rehaif*; it merely clarified the elements that the government must prove to establish a defendant violated the provision. That exception does not apply.

Whether it can be said that the sentencing court violated a fundamental and firmly established constitutional right requires more consideration. On the one hand, this situation is like that in *United States v. Archie*. In *Archie*, as in this case, the petitioner's claim was based on a post-sentencing change in the law about an element of a crime. *See Archie*, 771 F.3d at 222. The Fourth Circuit found that Mr. Archie's direct appeal was barred by the waiver in his plea agreement, noting that he assumed the risk of a favorable change in law in exchange for the government's agreement to dismiss the remaining counts of the indictment, and that he "received a sentence that fully complied with the law applicable at the time, precisely in the manner he anticipated." *Id.*[2]

This is exactly the situation here. "A plea agreement, like any contract, allocates risk." *Johnson*, 410 F.3d at 153. And if the Court declined to enforce Mr. Lunsford's waiver because of a subsequent change in the law, it "would deprive the Government of the benefit of its bargain and frustrate the purpose underlying such contracts." *Archie*, 771 F.3d at 222.

---

[2] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

On the other hand, "the Supreme Court has recognized that a defendant cannot be said to have intelligently entered a guilty plea if 'neither he, nor his counsel, nor the court correctly understood the essential elements of the crime,' as those elements were interpreted by the Supreme Court after entry of the plea." *Johnson*, 410 F.3d at 152 (quoting *Bousley*, 523 U.S. at 618–19). And the Fourth Circuit has come very close to holding that any challenge to the knowing and voluntary nature of a guilty plea is not barred by a waiver. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Mr. Lunsford, unlike Mr. Archie, arguably challenges the voluntariness of his guilty plea or the sufficiency of the evidence. *See* Doc. 20 at 4–5 (asserting in his § 2255 petition that "the government failed to prove that he knowingly possessed a firearm and that he knew he fell within the relevant status," and that he "never was aware that he fell within the relevant status or a prohibited person."); *see also Gary*, 954 F.3d at 207.

Even if the Court assumes that Mr. Lunsford's claim is not barred by his waiver under *McCoy*, the voluntariness or intelligence of a guilty plea can only be attacked collaterally if first challenged on direct review or upon a showing of cause and prejudice or actual innocence. *Bousley*, 523 U.S. at 621–22. The parties likely assumed that *McCoy*-related contentions fell outside the scope of the briefing authorized by the Court, as neither Mr. Lunsford nor the government addressed *Bousley*, *McCoy*, or procedural

10

default. Out of an abundance of caution, the Court will allow further briefing on the applicability of *McCoy* and on cause and prejudice.[3]

### D. The § 924(c) Conviction

#### 2. The Waiver Does not bar Mr. Lunsford's Claims directed to Count Three

Mr. Lunsford contends that there was insufficient evidence to support his conviction of possessing a firearm in furtherance of a drug trafficking crime and that his attorney provided ineffective assistance of counsel in failing to advise him about this insufficiency. Neither claim is barred by the waiver.

Appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea. *McCoy*, 895 F.3d at 364. The waiver in Mr. Lunsford's plea agreement excludes claims based on ineffective assistance of counsel, and the usual procedural default rule does not apply to ineffective assistance claims. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

#### 2. Insufficient Evidence

While the waiver does not apply, Mr. Lunsford's claim that the evidence was insufficient is procedurally barred. As previously noted, the voluntariness or intelligence

---

[3] Mr. Lunsford cannot credibly claim actual innocence. The factual basis proffered when Mr. Lunsford pled guilty explicitly stated that Mr. Lunsford had been convicted of assault with a deadly weapon inflicting serious injury and possession of a firearm by a felon, for which he received a consolidated sentence of at least forty-one months, well in excess of the twelve months required for felony status. Doc. 11 at 3. This was confirmed in his presentence report. Doc. 17 at ¶ 39. North Carolina does not allow guilty pleas or sentencing to felonies *in absentia*, and Mr. Lunsford was not placed on probation. *Id.* Anyone that served an active prison sentence for that long knows that they have been convicted of a crime carrying a possible sentence in excess of one year. Mr. Lunsford is not actually innocent.

11

of a plea can be attacked collaterally only if first challenged on direct review or upon a showing of cause and prejudice or actual innocence. *See Bousley*, 523 U.S. at 622.

Mr. Lunsford did not appeal his guilty plea, nor has he offered an explanation as to why he did not appeal. And Mr. Lunsford cannot establish cause and prejudice because his claim fails on the merits.

The factual basis clearly establishes that Mr. Lunsford possessed a firearm in furtherance of a drug crime.[4] Section 924(c) "requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). Whether the firearm served such purpose, however, is ultimately a factual question. *Id.* And in "making this factual determination, the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking," including "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)).

---

[4] At the Rule 11 hearing, the Court asked Mr. Lunsford's attorney whether he had any objections to the factual basis, and he told the Court: "Not that relate to the factual basis itself. There is assertions [sic] that each of the weapons described had an obliterated or otherwise modified serial number. Mr. Lunsford does not recall that. I've not had an opportunity yet to review the evidence again to determine what caused that to be in the factual basis. We would reserve the right to contest that, should our investigation determine there is an issue to contest there, but otherwise that is correct." Doc. 30 at 23.

12

Here, the handgun was immediately accessible to Mr. Lunsford, as he had it in his hand before he threw it in the back of a truck while fleeing from the officers. The firearm was near the backpack he was carrying, which contained drugs packaged for distribution and a digital scale. *See United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005) (noting that the intent to distribute can be inferred from how the drugs are packaged). Moreover, Mr. Lunsford admitted that he was actually guilty of this offense after being accurately advised of the elements at his Rule 11 hearing. Doc. 30 at 14–15, 22.

Mr. Lunsford maintains that the police "assumed" that he tossed the firearm in the truck and points out that there is no criminal complaint, confidential informant, or video evidence showing that he sold drugs. Doc. 20 at 7. Such evidence is not required to prove possession or drug trafficking, and circumstantial evidence is sufficient. To the extent Mr. Lunsford now claims that he did not possess the handgun, or that there is insufficient evidence that he was distributing marihuana, these allegations contradict his sworn statements made during the Rule 11 hearing. *See Lemaster,* 403 F.3d at 221–22 (explaining that, absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established").

Finally, Mr. Lunsford incorrectly equates the government's allegedly insufficient evidence to his actual innocence. Actual innocence means factual innocence, not legal insufficiency. *See United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). And Mr. Lunsford has not put forth any credible evidence that he is not guilty of the offense as a matter of fact. The evidence was sufficient to support his conviction. *See Johnson v.*

13

*United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("[G]enerally, a petitioner cannot show actual innocence where the evidence is sufficient to support a § 924(c) conviction.").

### 3. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, Mr. Lunsford must prove that: (1) counsel's performance was deficient, and (2) but for counsel's deficient performance, there was a reasonable probability of a different result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the factual basis was sufficient, Mr. Lunsford's lawyer was not ineffective in advising him to plead guilty, and Mr. Lunsford cannot satisfy the *Strickland* performance prong.

## IV. Compassionate Release

### A. Applicable Legal Principles

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory provision. In order for a sentence reduction under § 3582(c)(1)(A) to be appropriate, the statute requires by its terms that the movant has exhausted his administrative remedies, that extraordinary and compelling reasons exist for a sentence reduction, and that the reduction is consistent with applicable policy statements issued by

14

the Sentencing Commission. *See United States v. Redd*, 444 F. Supp. 3d 717, 722 (E.D. Va. 2020).[5] In addition, the Court must consider the relevant § 3553(a) factors. *Id.*

### B. Discussion

Mr. Lunsford filed his compassionate release motion after the warden at his facility denied his request for a reduction in sentence, so he has satisfied the statutory exhaustion requirement. Doc. 39 at 1. And he suffers from epilepsy, obesity, asthma, and prediabetes, *id.* at 11, which may constitute extraordinary and compelling circumstances in light of the COVID-19 pandemic.

But the § 3553(a) factors do not support release. As discussed *supra*, Mr. Lunsford has a terrible criminal record involving both guns and drugs. Doc. 17 at ¶¶ 27–40. He has only successfully completed probation once, and even then, he violated the terms of his electric monitoring conditions on ten different occasions. *Id.* at ¶ 40. Mr. Lunsford has served several shorter sentences in prison for similar offenses, which have not deterred him from possessing guns or selling drugs. And he has served less than two years of his current seven-year sentence.

The Court appreciates that he has done fairly well while incarcerated, *see* Doc. 38 at 2, but his release would not reflect the seriousness of his offenses, promote respect for

---

[5] The Sentencing Commission has not yet adopted any policy statement applicable to motions filed directly by defendants. The Court has considered the old policy statement applicable to motions brought by the Bureau of Prisons as helpful but non-binding guidance. *See United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020).

15

the law, provide adequate deterrence to criminal conduct, or protect the public. 18 U.S.C. § 3553(a)(2).

It is **ORDERED** that:

1. The defendant's motion to vacate, set aside or correct sentence, Doc. 20, is **DENIED IN PART** as to the defendant's conviction for possession of a firearm in furtherance of a drug trafficking crime and is **DEFERRED** as to his conviction for possession of a firearm by a convicted felon.

2. If the government contends that Mr. Lunsford's § 2255 claim directed to his conviction for possession of a firearm by a felon is procedurally barred or has any argument to make in opposition to this claim other than an argument that *Gary* was wrongly decided, it shall file a supplemental brief in opposition to the motion no later than February 16, 2021. If the government files such a brief, the defendant may file a reply brief no later than March 16, 2021. Should there be developments in *Gary* or should the Fourth Circuit or Supreme Court issue other relevant decisions, counsel shall consult and are authorized to file a joint submission advising the Court of their views on the need for a change in this schedule or for additional briefing.

3. The defendant's motion for compassionate release, Doc. 38, is **DENIED**.

This the 7th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE