IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH LAMONT LUNSFORD, III, )
)
)
Petitioner, )
v. ) 1:18-CR-390
) 1:19-CV-965
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles District Judge.

In 2011 and again in 2015, the defendant-petitioner Kenneth Lunsford was convicted in North Carolina Superior Court of crimes punishable by over a year of imprisonment. Three years later, he was indicted in the Middle District on drug and firearm charges and pled guilty to one count of possession of a firearm by a felon and one count of possession of a firearm in furtherance of drug trafficking. He now contends that his conviction for felon in possession of a firearm should be vacated because, contrary to the requirements of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he was not informed before pleading guilty that knowledge of his felony status was an element of that crime. But Mr. Lunsford has not overcome his procedural default or established ineffective assistance of counsel, and his motion will be denied.

I. Facts

Mr. Lunsford has a long criminal history beginning at age 16. Doc. 17 at ¶ 27. He had a drug trafficking conviction in 2006 that was a felony under state law, his

probationary sentence was eventually revoked, and he served just under a year in prison. *Id.* at ¶ 35.[1] In 2011, Mr. Lunsford was convicted in state court of felony assault with a deadly weapon inflicting serious injury and felony possession of a firearm by a felon based on his previous state felony conviction. *Id.* at ¶¶ 3, 39. The court sentenced him to 41 to 59 months imprisonment, which he served. *Id.* at ¶ 39. In 2015, he was again convicted in state court of felony possession of a firearm by a felon and sentenced to 19 to 32 months imprisonment; the sentence was suspended and he was placed on probation for 24 months. *Id.* at ¶¶ 3, 40.

In January 2018, officers responding to a shooting temporarily detained Mr. Lunsford as he fled from the area and later developed evidence that Mr. Lunsford had fired a gun. *Id.* at ¶¶ 4–5. Mr. Lunsford had contact with law enforcement again in August 2018; he discarded a firearm while fleeing from officers, *id.* at ¶¶ 6, 63, and was eventually found carrying over 80 grams of marijuana, a digital scale, and a box of ammunition. *Id.* at ¶ 6.

Mr. Lunsford was indicted for possession of a firearm by a felon arising out of the events in January 2018 (Count One), and three crimes arising from events in August 2018, possession with intent to distribute marijuana (Count Two), possession of a firearm in furtherance of drug trafficking (Count Three), and a second count of possession of a firearm by a felon (Count Four). Doc. 1. He pled guilty to Counts One & Three pursuant

---

[1] At his sentencing hearing Mr. Lunsford had no objections to the presentence investigation report, Doc. 32 at 2–3, and the Court adopted the report without change. Minute Entry 06/10/2019.

2

to a written plea agreement significantly limiting both the maximum time he might serve in prison and his appeal and post-conviction rights. Doc. 12. In exchange, among other things, Counts Two & Four were dismissed. Minute Entry 01/29/2019.

During Mr. Lunsford's plea colloquy, the Court reviewed the elements of possession of a firearm by a felon, as they were then understood: that Mr. Lunsford had been previously convicted of a crime punishable by over a year, that he then knowingly possessed a firearm, and that the possession affected interstate commerce. Doc. 30 at 13–14. Mr. Lunsford said he understood these elements and had no questions. *Id.* at 14. The Court sentenced Mr. Lunsford to 27 months imprisonment on possession of a firearm by a felon, and to the mandatory minimum consecutive 60 months on possession of a firearm in furtherance of a drug crime. Doc. 18.

On June 21, 2019, after Mr. Lunsford's sentencing on June 10th but before the judgment was filed on June 24th, the Supreme Court decided *Rehaif*. The Court held that in prosecutions under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

Mr. Lunsford did not appeal, instead filing this § 2255 motion to vacate his conviction for possession of a firearm by a felon based on *Rehaif*.[2] Doc. 20. The court

---

[2] In the same motion, Mr. Lunsford asked the court to vacate his conviction for possession of a firearm in furtherance of drug trafficking. Doc. 20. The Court has ruled on that aspect of the motion to vacate, finding his claims to largely be barred by the post-conviction rights waiver and his claim of ineffective assistance to be without merit. Doc. 40. Mr. Lunsford also moved in late 2020 for compassionate release, *see* Docs. 38, 39, and the Court denied his motion. Doc. 40.

3

stayed the matter pending appellate decisions likely to provide guidance, Doc. 25, and appointed counsel to represent Mr. Lunsford on his *Rehaif* motion. Text Order 05/26/2020. After adjudicating parts of Mr. Lunsford's § 2255 motion and the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), the Court ordered additional briefing, which is now complete.

Mr. Lunsford contends that any procedural default should be waived because of ineffective assistance of counsel, and, in the alternative, that Mr. Lunsford is actually innocent. *See* Doc. 47. Mr. Lunsford testifies that he did not know his felon status was an element of the offense, that he was not advised of that element by court or counsel, and that he did not know he was a prohibited person when he possessed the firearm. Doc. 47-1 at ¶¶ 4–7. He affirms that he believed his rights had been restored before the offense date because he was permitted to vote in November 2016. *Id.* at ¶¶ 9–10.

## II.     *Rehaif & Greer*

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. During Mr. Rehaif's jury trial the "United States [wa]s not required to prove" that Mr. Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* Mr. Rehaif appealed his conviction, contending that the jury had to find he knew of his relevant status. *Id.* at 2194–95. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts giving rise to the status as a person barred from possessing a firearm. *Id.* at 2200.

Section 922(g) also prohibits possession of a firearm by those "who ha[ve] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, convicted felons. The issue of knowledge of felon status came before the Supreme Court in *Greer*, where the Court held that a *Rehaif* error is not a basis for plain-error relief unless the defendant first sufficiently shows on appeal that he would have presented evidence at trial that he did not know he was a felon. *Id.* 141 S.Ct. at 2100. To establish eligibility for plain-error relief, a defendant must show that the error "affect[s] substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (cleaned up). Defendants who pled guilty must show there is a reasonable probability that absent the *Rehaif* error, they would have gone to trial rather than plead guilty. *Id.* at 2097–98.

### III. Procedural Default

Mr. Lunsford contends his conviction for felon in possession of a firearm should be vacated because neither the court nor counsel informed him before he pled guilty that knowledge of his prohibited status was an element of the offense. This claim is of the type that could have been raised on appeal but was not, and, generally, claims that could have been raised on appeal but are first raised on collateral attack should be dismissed for procedural default. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *Bousley v. United States*, 523 U.S. 614, 621 (1998). To overcome procedural default, a defendant must establish a "fundamental miscarriage of justice," *McQuiggin v. Perkins*,

5

569 U.S. 383, 392 (2013), by showing either cause and actual prejudice, or actual innocence. *Bousley*, 523 U.S. at 622.

Actual innocence "means factual innocence, not mere legal insufficiency." *Id.* at 623–24. To establish actual innocence, Mr. Lunsford must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (cleaned up). And "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

Thus, to establish actual innocence, Mr. Lunsford must offer evidence sufficient to persuade reasonable jurors that he was actually innocent of all four charges in his original indictment. He offers his own testimony as evidence of actual innocence of the felon in possession of a firearm charge, affirming that he did not know he was a felon when he possessed the firearm because he thought his rights had been restored. *See generally* Doc. 47-1. However, Mr. Lunsford does not offer evidence of innocence on any of the other charges he originally faced.

Even on the felon in possession of a firearm charge alone, Mr. Lunsford's evidence is far from sufficient. *See also* Doc. 40 at 11 n.3 (holding that Mr. Lunsford could not credibly claim actual innocence as to felon in possession of a firearm). A felon for § 922(g)(1) purposes is someone who has been convicted of "a crime punishable by imprisonment for a term exceeding one year." There is overwhelming evidence that Mr. Lunsford knew he had been convicted of crimes punishable by over a year in prison

6

because he served an active sentence in prison of over a year. Doc. 17 at ¶ 39; *see United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (where the defendant served several sentences longer than a year, it was "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"). Mr. Lunsford also understood that his 2015 conviction carrying a 19-to-32 month suspended sentence, Doc. 17 at ¶ 40, could lead to incarceration of over a year, because he had been incarcerated on a suspended sentence after revocation of probation in 2008. *Id.* at ¶ 35. Thus, even if Mr. Lunsford believed his rights had been restored, he knew he had been previously convicted of a crime punishable by over a year of incarceration. Mr. Lunsford has not established actual innocence.

Mr. Lunsford also has not shown actual prejudice stemming from the *Rehaif* error. To show actual prejudice, he must show that errors in the proceedings worked to his actual and substantial disadvantage and were of constitutional dimension. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021). Here, the error was that Mr. Lunsford was not informed of the *Rehaif* element before pleading guilty. As discussed *supra*, the evidence that Mr. Lunsford knew he had been convicted of a crime punishable by a sentence of longer than a year is overwhelming, and he has not shown that the *Rehaif* error worked to his actual and substantial disadvantage such that he would have otherwise gone to trial. It would not have been burdensome for the government to prove at trial that Mr. Lunsford knew he had been previously convicted of a crime punishable by over a year of incarceration. And Mr. Lunsford is especially unlikely to have gone to trial considering the substantial

7

benefits conveyed by his plea agreement, which limited his maximum sentence and dismissed two serious charges that would have considerably increased his exposure to a longer sentence upon conviction. *See* Doc. 12. Mr. Lunsford has not established actual prejudice and his claims are procedurally defaulted.

## IV. Ineffective Assistance of Counsel

Mr. Lunsford contends his lawyer provided ineffective assistance by failing to tell him about each element of felon in possession of a firearm before the guilty plea and by failing to advise an appeal on *Rehaif* grounds. These allegations are not enough to show that counsel's assistance was ineffective.

To establish ineffective assistance of counsel a defendant must show both (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). Counsel's performance is "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017).

It is undisputed that Mr. Lunsford's counsel advised him correctly concerning the guilty plea under the law as it was understood at the time. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020). Failure to offer advice that was unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823

8

(4th Cir. 2019). Thus, Mr. Lunsford's trial counsel did not provide ineffective assistance by failing to advise Mr. Lunsford of the *Rehaif* element before his guilty plea.

Even if this were ineffective assistance, and assuming without deciding that counsel failed to advise Mr. Lunsford to appeal on *Rehaif* grounds and that this failure fell below an objective standard of reasonableness, Mr. Lunsford still has not shown that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. For defendants who pled guilty, this requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As discussed *supra*, Mr. Lunsford has not reasonably established that he would have gone to trial because it would have been straightforward for the government to prove Mr. Lunsford knew he had been previously convicted of a crime punishable by over a year of incarceration based on his record. And, if he had gone to trial, Mr. Lunsford would have forgone the significant benefits offered by his plea agreement. *See* Doc. 12 (limiting the maximum sentence Mr. Lunsford would face and providing for dismissal of two charges). Mr. Lunsford's *post hoc* denial is not credible. Absent a showing of prejudice caused by counsel's alleged errors, Mr. Lunsford has not shown ineffective assistance of counsel.

## V. Conclusion

When Mr. Lunsford possessed a firearm in 2018, he knew he had previously been convicted of a crime punishable by greater than a year of imprisonment because he had

9

Case 1:18-cr-00390-CCE   Document 48   Filed 12/28/21   Page 9 of 10

served an active sentence of well over a year. When he pled guilty to possession of a firearm by a felon, he knew of his felon status and he knew that the government had overwhelming evidence of that fact. Mr. Lunsford was not prejudiced by any ineffective assistance of counsel related to *Rehaif* and his guilty plea was not constitutionally infirm because he was not informed of the *Rehaif* element. The motion to vacate will be denied.

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, Doc. 20, is **DENIED**. A certificate of appealability is **DENIED**.

This the 28th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE